THE MERCHANTS' NATIONAL BANK OF PLATTSBURGH, Respondent, *v.* ERASTUS H. BARNES, Appellant, Impleaded with Others.

APPEAL — COURT OF APPEALS HAS NO POWER TO SET ASIDE VERDICT AGAINST THE WEIGHT OF EVIDENCE. Where a judgment entered upon a verdict has some evidence to support it, however unworthy of belief it

may seem, the Court of Appeals has no power to reverse the judgment solely upon that ground; that power rests with the Appellate Division of the Supreme Court.

*Merchants' Nat. Bank* v. *Barnes,* 57 App. Div. 630, affirmed.

(Argued October 13, 1902; decided October 21, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 30, 1901, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

*Thomas F. Conway* and *John N. Blair* for appellant.

*L. L. Shedden* for respondent.

PARKER, Ch. J. A careful examination of this record leads us to doubt that justice has been meted out to the parties to this action. The learned counsel for the appellant has tried to persuade us that there is no evidence in support of this judgment, and hence that it may be reversed. But we cannot agree with that contention, for there is some evidence which the jury has seen fit to credit, and however unworthy of belief it may seem to this court, the power does not reside here to reverse the judgment on that ground. That power, one of the most important of all judicial powers — the exercise of which is absolutely necessary to the due administration of justice — has devolved upon the Appellate Division of the Supreme Court, which may and should, whenever a verdict or decision is clearly against the weight of evidence — influenced perhaps by an ill-advised public sentiment, by prejudice against a non-resident of the locality, or by manifest perjury — set it aside on that ground. This court is confined by the Constitution to a review of questions of law, and as we do not find any erroneous rulings by the trial court in this record which will support a reversal, we must affirm the judgment, with costs.

GRAY, BARTLETT, HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.